IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARK M. MOORE, ) | |
|     Plaintiff, ) | |
| v. ) | No. 3:16-CV-850-D |
| ) | |
| TEXAS BOARD OF PARDONS ) | |
| AND PAROLE, ) | |
|     Defendant. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I. Background**

Plaintiff is a state prisoner and has filed this complaint pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendant is the Texas Board of Pardons and Parole.

Plaintiff claims Defendant is applying current parole laws to his sentence in violation of the Ex Post Facto Clause and his due process rights. Plaintiff seeks injunctive and declaratory relief.

**II. Screening**

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

**Findings and Conclusions of the
United States Magistrate Judge**     Page -1-

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

### III. Discussion

In 1974, Plaintiff was convicted of murder and was sentenced to life in prison. Petitioner states the mandatory supervised release statute created by the 65th Legislature in 1977 applies to his conviction and he is eligible for release under that version of the statute. The 1977 mandatory supervised release statute stated:

> A person who is not on parole, except a person under sentence of death, shall be released to mandatory supervision by order of the Board when the calendar time he has served plus any accrued good conduct time equals the maximum term to which he was sentenced.

**Findings and Conclusions of the**
**United States Magistrate Judge**         Page -2-

(Act of May 30, 1977, 65th Leg., R.S., ch. 347, § 2, 1977 Tex. Gen. Laws 922, 927-28 (current version at Tex. Gov't Code Ann. §§ 508.147 (a)).

Petitioner states he has met the requirements for release to mandatory supervision because he has served forty-one years flat-time, plus he has an unspecified amount of good-time credits.

Plaintiff's *ex post facto* and due process claims are without merit. Article I, Section 10 of the United States Constitution prohibits states from enacting any law "which imposes a punishment for an act which was not punishable at the time it was committed, or imposes additional punishment to that then prescribed." *Weaver v. Graham,* 450 U.S. 24, 28 (1981). To constitute an *ex post facto* violation, a change in the law "must be both retroactive and to a prisoner's detriment." *Hallmark v. Johnson,* 118 F.3d 1073, 1077–78 (5th Cir.1997). A change in the law is retroactive if it applies to events occurring before its enactment. *Lynce v. Mathis,* 519 U.S. 433 (1997). A law is to a prisoner's detriment if it creates a sufficient risk of increasing the punishment attached to a petitioner's crime. *McCall v. Dretke,* 390 F.3d 358 (5th Cir.2004). Plaintiff, however, has failed to show any change in the mandatory supervision law that would have made him eligible for release under the 65th Legislature's version, but ineligible for release under the current version.

In *Ex Parte Franks,* 71 S.W.3d 327, 327–28 (Tex.Crim.App.2001), the Texas Court of Criminal Appeals determined the Texas mandatory supervision does not permit a life-sentenced inmate to be eligible for release to mandatory supervision. The court explained that "it is mathematically impossible to determine a mandatory supervision release date on a life sentence

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -3-

because the calendar time served plus any accrued good conduct time will never add up to life." *Id.* at 328.

In *Arnold v. Cockrell,* 306 F.3d 277, 279 (5th Cir.2002), the Fifth Circuit, citing *Franks*, held a life-sentenced inmate is not eligible for release to mandatory supervision under the 65th Legislature's 1977 Texas mandatory supervision statute. *See id.* at 279; *see also Ellason v. Owens*, 526 Fed. Appx. 342, 344-45 (5th Cir. 2013) (stating the *Franks* decision did not create a change in the 1977 law, but instead made "clear that mandatory supervision is unavailable to life-sentenced inmates").

Finally, to the extent Plaintiff argues he was unlawfully denied release to parole, inmates have no liberty interest in parole under Texas law. *See Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997); *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995).

**IV.  Recommendation**

The Court recommends that Plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915A and 1915(e).

Signed this 2nd day of August, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).